# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 15, 2020

McNeill Stokes
McNeill Stokes, Attorney at Law
5372 WHITEHALL PLACE SE
MABLETON, GA 30126

Appeal Number:  20-12567-D
Case Style:  Harry Taylor v. Dooly SP Warden
District Court Docket No:  1:19-cv-01546-CAP

The enclosed copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Scott O'Neal, D
Phone #: (404) 335-6189

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-12567-D

_____

HARRY BRETT TAYLOR,

Petitioner-Appellant,

versus

WARDEN DOOLY STATE PRISON,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

ORDER:

Harry Taylor, a Georgia prisoner serving a sentence of two life terms plus ten years for various sex crimes, moves for a certificate of appealability ("COA") in order to appeal the denial of his counseled 28 U.S.C. § 2254 petition and motions for reconsideration, which asserted that the district court should make a *per se* finding that long-term pretrial solitary confinement, without justification, violated a defendant's right to a speedy trial by prejudicing the defense.[1]

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the

_____

[1] Mr. Taylor's § 2254 petition also challenged whether a search warrant was fatally deficient, but he does not challenge the district court's findings on that claim in his COA motion, and, therefore, this order only addresses his speedy trial claim.

constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

When reviewing the district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact *de novo*, and review findings of fact for clear error. *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1097-98 (11th Cir. 2009). Section 2254 provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d).

The Sixth Amendment guarantees a criminal defendant a right to a speedy trial. U.S. Const. amend. VI; *see also Barker v. Wingo*, 407 U.S. 514, 515 (1972) (stating that the right to a speedy trial applies to the states through the Fourteenth Amendment's Due Process Clause). When determining whether a defendant has been deprived of the right to a speedy trial, a court should consider the length of the delay, the reason for the delay, whether the defendant asserted the right, and any prejudice to the defendant. *Barker*, 407 U.S. at 530.

Here, reasonable jurists would not debate whether the district court erred by denying Mr. Taylor's § 2254 petition, as the state court applied the right test for analyzing his speedy trial claim, and the state's finding that his claim failed was not unreasonable. *See* 28 U.S.C. § 2254(d); *Slack*, 529 U.S. at 484. Notably, Mr. Taylor only asserted his speedy trial right four years after his confinement in administrative segregation, and, therefore, that *Barker* factor weighed heavily against him. Thus, his speedy trial claim could only have succeeded if he demonstrated actual prejudice, which he failed to do. *See United States v. Villarreal*, 613 F.3d 1344, 1355 (11th Cir.

2010) (stating that, when the first three *Barker* factors "do not weigh heavily against the government, the defendant generally must demonstrate actual prejudice to succeed on his speedy trial claim").

Accordingly, Mr. Taylor's motion is DENIED because he has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

/s/ Jill Pryor
UNITED STATES CIRCUIT JUDGE
